## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,** | ) ) ) |
| **Petitioner,** | ) ) |
| **against** | ) ) |
| **GLOBAL REINSURANCE CORPORATION OF AMERICA F/K/A GERLING GLOBAL REINSURANCE CORPORATION OF AMERICA, R&Q REINSURANCE COMPANY, AND CALVERT INSURANCE COMPANY,** | ) ) ) ) ) ) |
| **Respondents.** | ) ) |

### PETITION TO CONFIRM ARBITRATION FINAL AWARD

Petitioner Catholic Mutual Relief Society of America, respectfully requests that, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, this Court confirm the final arbitration award issued by a duly constituted tripartite panel of arbitrators, styled as "Agreed Claims Protocol Final Award (hereinafter the "Final Award")," and dated July 19, 2021. (Exhibit A hereto.)

### The Parties, Jurisdiction and Venue

1.      Petitioner Catholic Mutual Relief Society of America ("Catholic Mutual") is a non-profit corporation organized and existing under the laws of the State of Nebraska with its principle place of business in the State of Nebraska.

2.      Respondent Global Reinsurance Corporation of America, f/k/a Gerling Global Reinsurance Corporation America, ("Global Re"), is a corporation organized and existing under the laws of the State of New York with its principle place of business in the State of New York. Global Re is a licensed U.S. reinsurer registered in New York.

3. Respondent R&Q Reinsurance Company, ("R&Q"), is a corporation organized and existing under the laws of the State of Pennsylvania with its principle place of business in the State of Pennsylvania. R&Q is a licensed U.S. reinsurer registered in Pennsylvania.

4. Respondent Calvert Insurance Company (a/k/a Calvert Fire Insurance Company), ("Calvert"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principle place of business in the State of Maryland.

5. Subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. The amount in controversy, exclusive of interests and costs, exceeds $75,000.

6. Venue lies in this District pursuant to 28 U.S.C. §1391 and under applicable provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq,* in that the parties have agreed to confirmation of the Final Award in this District.

## Background

7. Catholic Mutual was founded in 1889 as a nonprofit religious corporation. Catholic Mutual is not an insurance company. Instead, it operates as a self-protection fund of the Catholic Church in the United States and Canada, counting 112 of the 195 United States Catholic dioceses and archdioceses among its members, also referred to as "certificate holders." Catholic Mutual issues certificates of coverage to participating certificate holders, which provide coverage for certain property and casualty risks.

8. Certain Catholic Mutual coverage forms issued in the 1970s and 1980s provided that Catholic Mutual would pay on behalf of its certificate holders and other protected parties all sums which the certificate holder or protected party shall become legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence. Catholic Mutual's certificates provided that Catholic Mutual has the right and duty to defend any suit against a

certificate holder or protected party seeking damages on account of such bodily injury or property

damages even if any of the allegations of the suit are groundless, false or fraudulent.

9.      In 1971, Catholic Mutual purchased a Blanket Excess Reinsurance Treaty (the

"Treaty") in three layers. The treaty was effective January 1, 1971 and was in continuous force at

least through December 31, 1985.

10.     While the Treaty language was modified from time-to-time over the years, it is clear

that reinsurers have to follow Catholic Mutual's settlements and promptly pay balances based on

the following language found with the Treaty:

| Treaty Years | Payment Obligation |
|---|---|
| 1971-1974 | The Reinsurer will pay its share of loss settlements immediately upon request by the Company. |
| 1975-1976 | Amounts due hereunder in the settlement of losses shall be payable within fifteen (15) days after each such settlement has been claimed and proved. |
| 1977-1981 | Losses under this Agreement shall be paid by the Reinsurers within fifteen (15) days after proof of payment by the Company is presented to the Reinsurers. |

11.     Respondents took a percentage participation for twelve month periods commencing

January 1, 1971 and continuing through December 31, 1981 ("Reinsurance Treaties"). For each

treaty year, Catholic Mutual and Respondents entered separate treaties covering three layers of

liability.

12.     The Reinsurance Treaties for the January 1, 1971 to December 31, 1976 periods

contained an arbitration clause that provides, in relevant part:

> Should an irreconcilable difference of opinion arise between the parties to this
> Agreement as to the interpretation of this Agreement or transactions with respect
> to this Agreement, such difference shall be submitted to arbitration upon the request
> of one of the parties, one arbiter to be chosen by the Company and one by the
> Reinsurer and an umpire to be chosen by the two arbiters before they enter into
> arbitration.

[…]

13.    The Reinsurance Treaties for the January 1, 1977 to December 31, 1981 periods contained an arbitration clause that provides, in relevant part:

> As a precedent to any right of action hereunder, if any dispute shall arise between the Company and the Reinsurer(s) with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this Agreement, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by each party, and the third by the two so chosen.

[…]

14.    Over the years, certain of Catholic Mutual's certificate holders tendered claims involving alleged bodily injury as a result of wrongful sexual misconduct (the "Sexual Misconduct Claims") occurring in the 1971 to 1981 time period. Catholic Mutual settled those claims in good faith, and in many instances, in the context of the certificate holders' bankruptcy proceedings.

15.    Catholic Mutual billed Respondents under the Treaties for Respondents' proportionate share of the Sexual Misconduct Claims plus allocated loss adjustment expenses.

16.    A dispute arose between Catholic Mutual and Respondents that could not be resolved by compromise and, pursuant to the terms of the Reinsurance Treaties, Catholic Mutual demanded arbitration (the "Arbitration") against Respondents seeking certain relief with regard to the Sexual Misconduct Claims, including payment of certain unpaid amounts including allocated loss adjustment expenses, plus interest and attorneys' fees

17.    As required by the Treaties, a three-member arbitration panel (the "Panel") was convened to resolve the dispute.  Catholic Mutual named Mr. Paul C. Thomson III as its party-appointed arbitrator, Respondents named Howard D. Denbin as their party-appointed arbitrator, and the umpire chosen by the parties was David A. Bowers.

18.     On June 30, 2020, the Panel convened an organizational meeting via Zoom.  The parties executed a standard ARIAS-U.S. confidentiality agreement, a copy of which is attached as Exhibit B hereto.

19.     After the organizational meeting, the parties obtained document discovery from each other.

20.     The parties resolved their dispute via a settlement agreement dated July 13, 2021, which, among other things, resulted in the entry of the Final Award by the Panel.[1]

21.     The Panel fully executed the Final Award, dated July 19, 2021. A copy of the executed Final Award is attached as Exhibit A hereto.

## **Claim for Relief**

22.     Catholic Mutual repeats and re-alleges here, as if set forth at length, paragraphs 1 through 21 of this Petition.

23.     Respondents have not sought to vacate, modify or correct the Final Award.  In addition, Catholic Mutual has made no previous request to this or any other court for the relief requested herein.

24.     No grounds exist that would support an application pursuant to either 9 U.S.C. § 10 or § 11 to vacate, modify or correct the Panel's Final Award.

25.     This Petition to Confirm is brought within one year after the Final Award was rendered.

---

[1]  Pursuant to paragraph two of the Confidentiality Agreement, Exhibit B, the parties agreed, subject to Court approval, that the settlement agreement resolving this matter would be kept confidential, and Catholic Mutual will move to file that agreement with the Court under seal.  The parties specifically agreed in their settlement agreement, however, that the Final Award would be confirmed in this Court and was thus *not* subject to the terms of the Confidentiality Agreement.

26.     Under these circumstances, this Court should confirm the Final Award and issue a judgment of confirmation. A proposed judgment is attached hereto as Exhibit C.

27.     Per the parties' settlement agreement, the Respondents agreed to cooperate with Catholic Mutual's efforts to confirm the Final Award in this Court.

**WHEREFORE**, Catholic Mutual respectfully requests that this Court confirm the arbitrators' Final Award, adopt the proposed judgment attached hereto as Exhibit C, and award Catholic Mutual such other and further relief as to the Court may seem just and appropriate.

Dated: July 28, 2021                          Respectfully submitted,


                                              */s/Everett J. Cygal*
                                              Everett J. Cygal
                                              David M. Spector
                                              Daniel J. Schufreider
                                              Jasmine K. Dela Luna
                                              SCHIFF HARDIN LLP
                                              233 S. Wacker Dr., Suite 7100
                                              T: 312.258.5500
                                              F: 312.258.5600
                                              ecygal@schiffhardin.com
                                              dspector@schiffhardin.com
                                              dschufreider@schiffhardin.com
                                              jdelaluna@schiffhardin.com

                                              *Counsel for Catholic Mutual Relief Society
                                              of America*

CH2:25089018